STATE EX REL ED. A. BOWMAN v. HOLMES CO. (COMRS.) ET AL.

1. **Payments Due from Official Boards Enforcible by Mandamus.**
   Mandamus is the proper form of action to compel payment of an amount due from a public board or officers under a contract which fixes the amount to be paid.

2. **Mandamus Lies to Compel Payment of Tax Inquisitor.**
   In the case of a contract executed by county commissioners with a tax inquisitor, providing for payment of a certain percentage of taxes collected on omitted property, mandamus lies to compel the county auditor to issue his warrant in payment thereof.

3. **County Commissioners not Parties to Mandamus to Compel Payment of Tax Inquisitor.**
   In such a case, allowance having been made in the contract for whatever claims might arise thereunder, the members of the board of county commissioners are not necessary parties.

*Loren E. Wise*, for plaintiff.
*Wayne Stillwell*, Pros. Atty. for defendants.

**POWELL, J.**

This action is in this court on error to the judgment of the court of common pleas in a proceeding in that court in which the state of Ohio on the relation of Ed. A. Bowman seeks a peremptory writ of mandamus to compel the defendants, who are the board of commissioners of Holmes county, Ohio, and the auditor and treasurer of said county to take such proceedings as may be necessary to pay to the said Bowman out of the county treasury of said Holmes county twenty per cent. of a certain

State ex rel v. Holmes Co. (Comrs.)

amount collected as delinquent taxes, through his efforts as tax inquisitor of said county.

The record discloses that said Bowman was formerly tax inquisitor of said county under a contract in writing between him and the defendant, the board of commissioners. The said contract provided that on the collection of taxes on omitted property in said county the relator was to receive for his compensation as such tax inquisitor twenty per cent. of the amount so collected. The petition alleges that an amount in excess of four thousand dollars had been collected on property omitted from the tax duplicate out of which he had not received his compensation as provided by said contract.

It is admitted in the answer that the contract was executed as claimed; that the amount as set forth in the petition for a writ of mandmus was the correct amount; that if said relator is entitled to any part of said taxes so collected as his compensation the amount alleged is the correct amount so that there is no question before the court save as to whether or not the claim is a valid claim, and whether or not the relator is entitled to a writ of mandamus requiring defendants to either allow and pay his claim, or that the auditor be required to draw a warrant for the payment of the same, to be paid by the county treasurer. It is contended on the part of the defendants that the action is improperly brought; that the claim as pleaded by the relator can not be collected in the way in which this action is brought, or in other words that the writ of mandamus is not the proper remedy for the collection of claims of the kind described in the petition.

This court, however, is of the opinion that where there is an amount due on contract from public officers or boards and such amount is agreed upon between the parties, and the properly constituted authorities to make payment of such amount refuse or fail to draw the necessary warrants or vouchers for the payment of the same, a writ of mandamus will lie to compel such payment.

Section 12283 G. C. provides among other things that mandamus is a proper remedy to compel "the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station." Where a claim is presented for payment arising out of a contract with the county commissioners,

which provides for ascertaining the amount thereof when the services are performed or the obligation to pay the claim arises, mandamus is a proper remedy. In this case it was provided in the contract itself that the relator should receive twenty per cent. of the amount collected, and that it was the duty of the county auditor to draw his warrant for that sum whenever any omitted taxes were paid into the county treasury as a result of the efforts of such tax inquisitor under said contract, and it would be the duty of the county treasurer to pay the warrant so drawn by the county auditor. That is, the drawing of a warrant in such cases is an act enjoined as a duty resulting from the office of county auditor, and upon this record mandamus would lie against him to compel the same to be done. In cases where the amount claimed is to be ascertained by evidence, mandamus would not lie, but some of the other means of enforcing the collection of claims should be employed.

We think that the court erred in refusing to issue a peremptory writ as prayed for under the special provisions of Sec. 12283 above mentioned. We think further, that there is no necessity for the commissioners of said county to allow the claim sought to be collected as the allowance thereof had been provided for at the time of the execution of the contract, so that there was no duty arising in the case to be performed by the county commissioners and they were not necessary parties to the suit. We think also that the auditor's failure to perform his statutory duty in refusing to draw his warrant for the payment of the amount due on the delinquent taxes, requires that a writ issue against him requiring him to issue the warant as prayed for in the petition herein.

It is the judgment of this court that the judgment of the court of common pleas, refusing the peremptory writ against the county auditor should be reversed, and as there are no disputed facts in the case requiring further adjudication this court will render the judgment that ought to have been rendered in the court below. It will therefore be the order and judgment of this court that a peremptory writ issue as prayed for requiring the county auditor to draw his warrant on the county treasurer for the amount shown to be due said relator, as prayed for in the petition, and that the treasurer pay the amount of said warrant

Reefy v. Elyria.

when so drawn, and the case will be remanded to the court of common pleas to carry this judgment of the court of appeals into effect.

Judgment accordingly.

SHIELDS and HOUCK, JJ., concur.